IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

vs.                                    Case No. 14-10121-JTM

KENNETH E. WEAVER,

Defendants.

MEMORANDUM AND ORDER

Defendant Kenneth Weaver moves for a termination of the one year period of supervised released imposed at the time of his October 5, 2015 sentencing. The 12 months prison sentence imposed was satisfied by time already served. Weaver seeks the termination on the grounds that he suffers from a heart condition, having had a previous open heart surgery in India. Weaver states that he "has begun experiencing troubling symptoms indicating further hearth problems," and wishes to return to India to resume treatment with his surgeon there.

The United States Probation Office and the government do not oppose the extension of some relief to the defendant, but both have submitted reservations as to the statutory authority of the court to grant the full relief sought. Further, the government has indicated

that the defendant should be required to submit some proof of his medical condition.

One of the relevant factors for the court to consider in sentencing a defendant is the ability "to provide the defendant with needed ... medical care." 18 U.S.C. § 3553(a)(2)(D). And the statute authorizing the imposition of a term of supervised release following imprisonment, 18 U.S.C. § 3583, expressly allows for its alteration upon consideration of the relevant § 3553 sentencing factors, specifically including § 3553(a)(2)(D)). However, paragraph (e)(1) of the statute expressly gives the court the power to "terminate a term of supervised release and discharge the defendant released *at any time after the expiration of one year of supervised release*." Weaver has not completed a year of supervised release, and accordingly the court is without jurisdiction to terminate the supervision. *See United States v. Knepper*, 2016 WL 3264239, *4 (D. Ha. June 14, 2016).

Accordingly, the defendant's motion for termination of supervised release is denied. However, in contrast to paragraph (e)(1), paragraph (e)(2) of the statute empowers the district court to "modify ... the conditions of supervised release, *at any time* prior to the expiration ... of the term." (Emphasis added). In light of the response of the United States, the court will favorably consider a motion by the defendant for modification of the term of supervised released prohibiting him from extradistrict travel (Dkt. 51, at 3) or otherwise precluding him from travel outside the United States for medical care. Such motion should include as a sealed exhibit some documentation of the recent medical problems experienced by the defendant.

Ordinarily, under Fed.R.Crim.Pr. 32.1(c)(1), any modification to a term of supervised

release requires a hearing. However, such a hearing may be waived by the defendant or the government, or excused if the result is favorable to the defendant. Given the submissions of the parties, the court will consider and rule expeditiously on any such motion to modify without scheduling or conducting such a hearing.

IT IS ACCORDINGLY ORDERED this 23rd day of June, 2016, that the defendant's Motion to Terminate (Dkt. 53) is hereby denied.

      s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE